THE BUFFALO AND PITTSBURGH RAILROAD CO. *v.* HATCH.

The general law for the incorporation of railroad companies (*ch.* 140, *Laws of* 1850) requires in the articles of association only such approximative estimate of the length of the proposed road as may be made in good faith without an actual survey and location thereof.

The affidavit of three directors, that $84,100 has been in good faith subscribed to the capital stock, annexed and referring to the articles which state the termini of the road, and that its length is about seventy-five miles, is sufficient evidence that at least $1,000 of stock for every mile of road proposed is subscribed.

The statement in such affidavit, that "ten per cent has been paid in cash on said subscription," is sufficient, without adding that it was paid to the directors or in good faith.

APPEAL from the Superior Court of the city of Buffalo Action to recover the amount of the defendant's subscription to the capital stock of the plaintiff. The defence was, that the plaintiff was not duly incorporated. Upon the trial before Mr. Justice MASTEN, without a jury, the plaintiff produced a copy of plaintiff's articles of association, and of an affidavit thereto attached, purporting to have been sworn and subscribed on the 12th day of October, 1852 :, immediately following, the copy of an indorsement, or addition, by the then Deputy Secretary of State, that the paper was recorded October 13, 1852, compared and found to agree with the original : then followed the certificate of the Secretary of State, that he had compared the preceding with the' original articles of association and affidavit attached, "filed in this office October 13, 1852, and recorded on the same day, and that the same is a correct copy of the whole articles, affidavit, and of the record thereof." The defendant took several objections and exceptions, which sufficiently appear from the following opinion. The judgment for the plaintiff ordered by the judge having been affirmed at general term, the defendant appealed to this court. The cause was submitted on printed arguments.

*William H. Greene*, for the appellant.

*Chauncey Tucker*, for the respondent.

GROVER, J. Chapter 140 of Laws of 1850 provides for the formation of companies for constructing and operating railroads, and the incorporation of the same. Section 1 of the act prescribes what the articles of association shall contain, and, among other things, provides that the length of the road, as near as may be, shall be therein stated. The articles in this case, in addition to stating the termini of the road and the counties through or into which the same is to be constructed, state that it is about seventy-five miles long. It will be seen that the precise length is not required to be stated, but only the length as near as may be. The act contemplates the

formation of the company before the route is surveyed and the length accurately known. As near an approximation to the length as may be in the absence of a survey, is all that is required by the language or intent of the act. The articles state that the capital stock of the company shall consist of $750,000, to be divided in seven thousand five hundred shares. If right in the conclusion that an estimate of the distance, as nearly accurate as practicable without a survey, is sufficient, then the articles do show that the capital stock of the company is $10,000 per mile of the road specified in the articles, and is a compliance with the statute in this respect.

The objection that the affidavit does not show that $1,000 per mile had been paid in good faith is untenable, there being no such requirement in the statute. This objection was probably intended to raise the point that the affidavit did not show that $1,000 per mile had been in good faith subscribed and ten per cent on the subscriptions paid. The affidavit states that $84,100 has been in good faith subscribed to the capital stock of said company. This exceeds $1,000 per mile upon the length of the road as stated in the articles. The distance stated in the articles controls for all purposes of the formation of the company, and in this case is to be regarded as seventy-five miles, that being the distance as near as could be ascertained. In an action by the corporation, evidence that the length of the road in fact differs from that stated in the articles is not admissible to defeat the action, whether the difference arose from fraud or mistake. The corporation is formed by filing and recording the articles of association and affidavit with the Secretary of State. In actions by or against the corporation, its corporate character is to be determined from those papers. In a proceeding instituted by the public to dissolve the corporation, an inquiry into the true length of the road for the purpose of showing fraud would be competent.

It was also insisted by the defendant's counsel that the affidavit did not state that ten per cent upon the subscription had been paid in good faith to the directors named in the articles.

or to whom it was paid. The requisites of the affidavit to be indorsed upon or attached to the articles are prescribed by the second section of the act. That section provides that the articles of association shall not be filed and recorded in the office of the Secretary of State until at least $1,000 of stock for every mile of railroad proposed to be made is subscribed thereto and ten per cent paid thereon in good faith to the directors named in said articles of association; nor until there is indorsed thereon or annexed thereto an affidavit, made by at least three of the directors named in said articles, that the amount of stock required by this section has been in good faith subscribed and ten per cent paid in cash thereon as aforesaid. The affidavit must show, not only that the amount of stock required has been subscribed in good faith, but also that ten per cent has been paid thereon in good faith and in cash to the directors named in the articles. This is the plain meaning of the language used in the statute. The affidavit in this case states that $84,100 has been in good faith subscribed to the capital stock of said company, and that ten per cent has been paid in cash on said subscriptions. The act plainly shows that none but the directors can receive payment upon the preliminary subscriptions previous to the filing of the articles with the Secretary of State. Delivering money to any other persons would not be payment upon the stock. When, therefore, the affidavit states that ten per cent has been paid upon the subscription in cash, it necessarily implies that the money has been paid to the directors named in the articles. If it has not been so paid the affidavit is false, and perjury may be assigned upon it. It would be no defence to show that the money had been delivered to any other person than a director or an authorized agent. The affidavit also necessarily implies that the payment has been made in good faith; that the money has been delivered by the subscribers to apply as payment upon the subscription; and that the title to the money will vest in the directors as trustees of the corporation, when the papers are filed and recorded by the Secretary of State. This is a payment in good

The Buffalo and Pittsburgh Railroad Company *v.* Hatch

faith, and all that is required by the statute. Anything short of such a payment will not satisfy the language of the affidavit.

There is nothing in the idea that promises of future favor may have been made to the subscribers by the directors. Such promises if made are a nullity, and would not vitiate the payment. The Legislature intended to facilitate the formation of companies designing in good faith to construct and operate railroads, and to prevent the incorporation of fraudulent companies having no capital or means to prosecute such works. With this view, the Secretary is forbidden to file and record articles unless the affidavit shows that there has been a *bona fide* subscription of $1,000 per mile, and ten per cent in cash in good faith paid thereon to the directors. The affidavit in this case proves these facts. Whether the public interest requires further restrictions, is a question for the Legislature.

The third section provides that a copy of the articles of association, filed and recorded in pursuance of the act, or of the record thereof, with a copy of the affidavit indorsed thereon or annexed thereto, and certified to be a copy by the Secretary of State or his deputy, shall be presumptive evidence of the incorporation of such company and of the facts therein stated. The certificate is evidence of the filing and recording, and of the time when these acts were done. The certificate in this case shows that the articles were filed and recorded before the commencement of the action. Whether the defendant became a subscriber for the stock before or after the filing, is not material. He is liable to pay in either event.

The judgment should be affirmed.

SELDEN, J., was absent; all the other judges concurring,

Judgment affirmed.