The Williamsburgh Savings Bank, Respondent, *v.* The Town of Solon, Appellant.

The burden of proof, as to the alleged alteration of a bond, which does not appear upon the face of the instrument and which simply makes the bond perfect, in accordance with its express terms and apparent purpose, is upon the obligor; and this, whether the question is presented in an equitable action by the obligor for the cancellation of the instrument, or in an action at law by the holder to recover upon it.

Past due interest coupons of town bonds, until negotiated or used in some manner independent of the bonds, and while they remain in the hands of the holder of the bonds, whether attached or detached, are mere incidents thereto, having no greater force or effect than the stipulation for the payment of interest contained in the bonds.

Accordingly *held*, in an action upon such coupons in the hands of the owner of the bonds, that the allowance of interest upon the coupons was error.

Also, *held*, that it was immaterial that plaintiff was prevented from bringing suit sooner by an injunction procured by defendant, as the damages occasioned by the injunction are awarded on its dissolution and cover all losses sustained thereby.

The defense was that the bonds were invalid; it appeared that in a prior action brought by defendant against plaintiff to procure a cancellation

of the bonds because of their invalidity, this was the only issue presented and tried and by the judgment therein the bonds were adjudged to be valid. *Held*, that defendant was estopped by the former judgment from contesting the validity of the bonds, and this, *it seems*, although other alleged defects and objections were pointed out or asserted in this action, which were not presented in the former one.

*Williamsburgh Sav. Bank* v. *Town of Solon* (65 Hun, 166), modified.

(Argued December 9, 1892; decided January 17, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made July 22, 1892, which affirmed a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Louis Marshal, Bouton & Champlin* and *B. A. Benedict* for appellant. Since the existence of a railroad corporation having power to issue stock and to construct a road to be aided, under the Town Bonding Act of 1869, lies at the foundation of the power to issue municipal bonds, and no valid corporation was in reality organized, the entire issue of bonds was void. (*Farnham* v. *Benedict*, 107 N. Y. 259.) The petition presented to the county judge failed to state the jurisdictional fact, that the subscribers were a majority of the taxpayers of the town whose names appeared upon the last preceding tax list or assessment-roll, as owning a majority of the taxable property in the corporate limits of the town. (*Town of Solon* v. *Williamsburgh Savings Bank*, 114 N. Y. 130; *Town of Willsboro* v. *N. Y. & C. R. R. Co.*, 76 id. 182; *Metzger* v. *A. & A. R. R. Co.*, 79 id. 171; *Town of Mentz* v. *Cook*, 108 id. 504.) The bonds issued by the railroad commissioners exceeding twenty per cent of the entire taxable property within the boundaries of the town, as shown by the last preceding tax list, were unauthorized and void. (*Barlow* v. *S. N. Bank*, 63 N. Y. 399.) The bonds having been issued without seals, did not conform to the requirements of the Bonding Act, and were therefore void. (*People* v. *Mead*, 24

N. Y. 23; *Draper* v. *Springport*, 104 U. S. 501; *U. S.* v. *Lum*, 15 Pet. 290; *San Antonio* v. *Mahaffey*, 96 U. S. 372; *Town of Springport* v. *T. S. Bank*, 75 N. Y. 397; *Wells* v. *Town of Salina*, 119 id. 280; *McDonald* v. *Mayor, etc.*, 68 id. 23.) The bonds in the *Armfield* and *Savings Bank* cases having been altered after the delivery to the railroad company without the consent or the authority of the railroad commissioners were thereby avoided. (*Benedict* v. *Cowden*, 49 N. Y. 396; *Force* v. *City of Elizabeth*, 28 N. J. Eq. 403; *M. L. Ins. Co.* v. *Bender*, 124 N. Y. 47; *Cagwin* v. *Town of Hancock*, 84 id. 532; *Craig* v. *Town of Andes*, 93 id. 405; *Alvord* v. *S. S. Bank*, 98 id. 599.) Although the statute fixes the term of payment of these bonds at thirty years, the time actually intervening between the date of their issue and the date of payment was twenty-eight years and less, thus violating a material provision of the statute. Neither were they issued with reasonable dispatch. (*Brownell* v. *Town of Greenwich*, 114 N. Y. 611.) The defendant is not estopped from now denying the validity of the bonds from which the coupons in suit were cut, because the machinery of the law was from time to time invoked for the purpose of paying interest coupons as they accrued prior to 1878. (*N. Y. R. Co.* v. *Rothery*, 107 N. Y. 310; *Weismer* v. *Vill. of Douglas*, 64 id. 405; *Horton* v. *Town of Thompson*, 71 id. 513; *Cagwin* v. *Town of Hancock*, 84 id. 532; *Starin* v. *Town of Genoa*, 23 id. 439; *Town of Mentz* v. *Cook*, 108 id. 504; *Calhoun* v. *Millard*, 121 id. 69, 81.) The court erred in allowing the plaintiff to recover interest upon the several coupons in suit from their several days of maturity, since thereby the plaintiffs were allowed interest upon interest, without an express agreement therefor, and without any consideration. (*Bailey* v. *County of Buchanan*, 115 N. Y. 297; *McLelland* v. *N. S. R. R. Co.*, 110 id. 469; *Connecticut* v. *Jackson*, 1 Johns. Ch. 13; *Jones* v. *Harris*, 18 Hun, 452; *Beyer* v. *Pack*, 2 Den. 107; *Furman* v. *Furman*, 17 How. Pr. 255; *Toll* v. *Hiller*, 11 Paige, 128; *Van Benschoten* v. *Lawson*, 6 Johns. Ch. 313; *Hastings* v. *Wiswall*, 8 Mass. 455; *Henry*

v. *Flagg*, 13 Met. 64; *Ferry* v. *Ferry*, 2 Cush. 92; *Doe* v. *Village*, 29 Cal. 385; *Doe* v. *Warren*, 7 Greenl. 46; *Bannister* v. *Roberts*, 35 Me. 75; *Farewell* v. *Sturdevant*, 37 id. 308; *Stickney* v. *Jordan*, 58 id. 106; *Banks* v. *McClelland*, 24 Md. 62; *Leonard* v. *Villars*, 33 Ill. 377; *Niles* v. *Comrs.*, 8 Blackf. 158; *Von Huson* v. *Kanouse*, 13 Mich. 303; *Watkinson* v. *Root*, 4 Ham. 373; *A. C. Co.* v. *Verner*, 22 Ohio St. 372; *Stone* v. *Bennett*, 8 Mo. 41; *Stoner* v. *Evans*, 38 id. 461; *Stockety* v. *Thompson*, 34 Penn. St. 210; *Childers* v. *Deane*, 4 Rand. 406; *Pindall* v. *Bank of Marietta*, 10 Leigh, 481; *Town of Venice* v. *Murdock*, 92 U. S. 501; *Rose* v. *Bridgeport*, 17 Conn. 243; *Force* v. *City of Elizabeth*, 28 N. J. Eq. 403.) The decree rendered in the equity action brought by the defendant for the cancellation of its bonds, is not conclusive against it in this action as *res adjudicata ;* since it was unnecessary for the court to pass upon the validity of the bonds; its decision being in reality based upon a want of jurisdiction. (*R. P. Co.* v. *O'Dougherty*, 81 N. Y. 475; *Unglish* v. *Marvin*, 128 id. 380; 2 Black on Judg. §§ 693, 710; *Hughes* v. *U. S.*, 4 Wall. 232; *Smith* v. *McNeil*, 109 U. S. 426; *Smith* v. *Adams*, 24 Wend. 585; *Canhope* v. *P. D. & Co.*, 121 N. Y. 152; *Sweet* v. *Tuttle*, 14 id. 465; *Woodgate* v. *Fleet*, 44 id. 1; *Campbell* v. *Butts*, 3 id. 173; *Reid* v. *Gardner*, 65 id. 579; *Burwell* v. *Knight*, 51 Barb. 267; *Bell* v. *Merrifield*, 109 N. Y. 202; *Stowell* v. *Chamberlain*, 60 id. 272; *Hymes* v. *Esty*, 116 id. 509; *Town of Venice* v. *Woodruff*, 62 id. 462.)

*Edward B. Thomas* and *Howard D. Newton*, for respondent. There is no jurisdictional defects in the bonding proceedings. (*Town of Cherry Creek* v. *Becker*, 123 N. Y. 168.) There are no other valid or available objections to the petition. (*Vose* v. *Cockcroft*, 44 N. Y. 424; *Chapman* v. *Gates*, 54 id. 142; *Delancy* v. *Brett*, 51 id. 81; *Post* v. *M. R. Co.*, 125 id. 697; *Mitchell* v. *M. E. R. Co.*, 132 id. 552; *Porter* v. *M. E. R. Co.*, 120 id. 284; *Bishop* v. *Village of Goshen*, 120 id. 342; *Adams* v. *I. N. Bank*, 116 id. 614.)

The railroad company was duly organized for the purposes of these bonds. (*E. P. R. Co.* v. *Vaughan*, 14 N. Y. 552; *B., etc., R. R. Co.* v. *Gere*, 20 id. 161; *Tuckerman* v. *Brown*, 33 id. 297; *Chubb* v. *Upton*, 95 U. S. 667; *Martin* v. *P. & G. R. R. Co.*, 8 Fla. 370; *Johnson* v. *P. & G. R. R. Co.* 9 id. 299; *Wright* v. *S. R. R. Co.*, 16 B. Mon. 4; *K. & P. R. R. Co.*, 34 Me. 369; *V. S. & T. R. R. Co.* v. *McKean*, 12 La. Ann. 638; *In re N. Y., L. & W. R. R. Co.*, 99 N. Y. 20; *B., etc., R. R. Co.* v. *Cary*, 26 id. 77, 81; *B., etc., Co.* v. *Hutch*, 20 id. 161; 1 Wend. 555; 3 Id. 296; 4 Den. 392; *Eaton* v. *Aspinwall*, 19 N. Y. 121; *People* v. *Mitchell*, 35 id. 551; *Town of Duanesburgh* v. *Jenkins*, 57 id. 177; *Williams* v. *Town of Duanesburgh*, 66 id. 137; *Horton* v. *Town of Thompson*, 71 id. 522; *People* v. *Spencer*, 55 id. 1; *County of Macon* v. *Shores*, 97 U. S. 277; *County of Daviess* v. *Huidekoper*, 98 id. 98; *Farnham* v. *Benedict*, 107 N. Y. 162.) The bonds are valid, although issued with the heavy scroll and "L. S." impressed thereon in printing (which was adopted by the commissioners as a seal). (*Solon* v. *W. S. Bank*, 114 N. Y. 132; 35 Hun, 1; *Town of Springport* v. *T. S. Bank*, 75 N. Y. 397; *Draper* v. *Springport*, 104 U. S. 501; *San Antonio* v. *Mahaffy*, 96 id. 315; *U. S.* v. *Linn*, 15 Pet. 290; *U. S.* v. *Bradley*, 10 id. 364; *Curtis* v. *Leavitt*, 17 Barb. 318.) It is an untenable objection that certain bonds were, after issue, sealed with wafer seals by some unknown person before they came into the hands of the plaintiff, who bought them without knowledge of the alleged alteration, and relying upon the statement of the commissioners on the face of the bonds that the commissioners themselves had sealed them. (Laws of 1869, chap. 907, § 4; *Hoag* v. *Town of Greenwich*, 133 N. Y. 152; *McNeil* v. *T. N. Bank*, 46 id. 325; *Butler* v. *U. S.*, 21 Wall. 272; *Zimmerman* v. *Rote*, 75 Penn. St. 191; *Girrard* v. *Hodden*, 67 id. 82; *M. L. Ins. Co.* v. *Bender*, 124 N. Y. 47; 1 Whart. on Ev. § 629; *U. S.* v. *Lime*, 1 How. [U. S.] 104; *Crossman* v. *Crossman*, 95 N. Y. 145; *Little* v. *Herndon*, 10 Wall. 31; *Clark* v. *Rogers*, 2 Greenl. 147; *Wickes* v. *Caulk*, 5 H. & J. 41; *Rankin* v. *Blackwell*, 2

Johns. Cas. 198; *C. Bank* v. *Hall*, 1 Halst. 215; *Sayre* v. *Reynolds*, 2 South. 737; *Bailey* v. *Taylor*, 11 Conn. 531; *Rodgriguez* v. *Hayes*, 76 Tex. 225; *Brand* v. *Johnrowe*, 60 Mich. 210; *In re Wood's Will*, 32 N. Y. S. R. 286; *Kendrich* v. *Latham*, 25 Fla. 819; *Truesdell* v. *Hanter*, 28 Ill. App. 292; *Wilson* v. *Hotchkiss*, 45 N. W. Rep. 838; *Wilson* v. *Hayes*, 42 id. 467; *Ins. Co.* v. *Brin*, 111 Ind. 281; *Wing* v. *Stewart*, 68 Iowa, 13; *Meikel* v. *S. S. Bank*, 36 Ind. 356; *Davis* v. *Jenney*, 1 Met. 221; *Ins. Co.* v. *Bathe*, 6 S. W. Rep. 460; *Odell* v. *Gallup*, 17 N. W. Rep. 502; *Harris* v. *Bank*, 1 South. Rep. 140.) The validity of the bonds is not adversely affected by the fact that they were payable thirty years from their date, rather than thirty years from their delivery. (*Gould* v. *Town of Oneonta*, 71 N. Y. 298; *Brownell* v. *Town of Greenwich*, 114 id. 530; *President* v. *Corwin*, 37 id. 320; *F. & M. Bank* v. *B., etc., Bank*, 16 id. 142; *Town of Solon* v. *W. S. Bank*, 114 id. 122; *Hoag* v. *Town of Greenwich*, 133 id. 152; Laws of 1870, chap. 507.) The action of the town and its agents has been at all times such as to induce confidence in its ·bonds, and it is thereby estopped from alleging defects not necessarily manifest or pertaining to the power of the town to act. (*Alvord* v. *S. S. Bank*, 98 N. Y. 609; *Hill* v. *P. S. Bank*, 101 id. 490; *Farnham* v. *Benedict*, 107 id. 159; *Town of Lyons* v. *Chamberlain*, 89 id. 578; *People* v. *Smith*, 45 id. 772; *Metzgar* v. *A., etc., R. Co.*, 79 id. 173; *Calhoun* v. *Millard*, 121 id. 69.) The former adjudication in the *Williamsburgh* case established the validity of the bonds. (*Pray* v. *Hegeman*, 98 N. Y. 351; *Dunham* v. *Brown*, 77 id. 76; *Griffin* v. *L. I. R. R. Co.*, 102 id. 452.) The fact that a certificate of stock had never been issued to the commissioners is not important. (*Onondaga* v. *Price*, 87 N. Y. 549; Potter on Corp. §§ 257, 334, 335.) There was no overissue in the *Solon* case. (*Westfall* v. *Preston*, 49 N. Y. 349; *Mygatt* v. *Washburn*, 15 id. 316; *Clarke* v. *Norton*, 49 id. 243; *Overing* v. *State*, 65 id. 275; *People* v. *Suffern*, 68 id. 321.) The alleged modification of the Taylor consents so as to request the town to be bonded for $20,000, rather than

$25,000, does not invalidate the bonds. (*Little* v. *Herndon*, 10 Wall. 31; *Crossman* v. *Crossman*, 95 N. Y. 145; *S. S. Bank* v. *Town of Seneca Falls*, 86 id. 321.) Interest was properly allowed upon the coupons from their maturity. (*Aurora City* v. *West*, 7 Wall. 105; *Rich* v. *Vil. of Seneca Falls*, 19 Blatchf. 558; *Fauntleroy* v. *Hannibal*, 5 Dill. 219; *Jefferson Co.* v. *Hawkins*, 23 Fla. 223; *Harper* v. *Ely*, 70 Ill. 581; *Humphreys* v. *Morton*, 100 id. 892; *Benneson* v. *Savage*, 130 id. 352; *Taber* v. *C., etc., R. Co.*, 15 Ind. 459; *City of Jeffersonville* v. *Patterson*, 26 id. 16; *Virginia* v. *C., etc., C. Co.*, 32 Md. 501; *Welsh* v. *F. D. S. P., etc., Co.*, 25 Minn. 314; *A. R. Co.* v. *Elliot*, 57 N. H. 397; *C. M. Ins. Co.* v. *C., etc., R. Co.*, 41 Barb. 9; *Hoyle* v. *Page*, 41 Mich. 533; *Burroughs* v. *Richmond Co.*, 65 N. C. 234; *McLendon* v. *Richmond Co.*, 71 id. 38; *Watkinson* v. *Root*, 4 Ohio, 373; 17 Ohio St. 11; 25 id. 284; 28 id. 265; 26 id. 59; 38 id. 575; *Beaver County* v. *Armstrong*, 8 Wright, 63; 44 Penn. St. 63; *N. P. R. Co.* v. *Adams*, 54 Penn. 94; *Nat. Bank* v. *H., etc., R. Co.*, 8 R. I. 375; *Langston* v. *S. C. R. Co.*, 2 S. C. [N. S.] 248; *San Antonia* v. *Lane*, 32 Tex. 405; *Catlin* v. *Lyman*, 16 Vt. 44; *Austin* v. *Jones*, 23 id. 286; *Arents* v. *Comm.*, 18 Gratt. 750, 776; *Mills* v. *Town of Jefferson*, 20 Wis. 50; 25 id. 671; 30 id. 600; 41 id. 444; 46 id. 222; 47 id. 248; Jones on Railroad Securities, 332; 2 Daniels on Neg. Inst. 448; *Williams* v. *Sherman*, 7 Wend. 109; *C. M. L. Ins. Co.* v. *C., etc., R. Co.*, 41 Barb. 9; *Arnold* v. *People*, 75 N. Y. 603; *Burdick* v. *Freeman*, 120 id. 420.)

FINCH, J. The plaintiff brought this action to recover upon unpaid interest coupons attached to the bonds of the town of Solon, issued about twenty years earlier, in aid of the Utica, Chenango and Cortland Railroad Company. The complaint sets out in full the judgment of the county judge authorizing such issue upon the consent of the taxpayers, and the further proceedings which followed, and avers the plaintiff's ownership of the specified bonds and the refusal of the town to pay the matured interest thereon. It further avers that in a prior

action between the same parties the validity of the same bonds was put in issue, and that the judgment then rendered conclusively determined that such bonds were the valid obligations of the town. The answer admitted the rendition of such judgment, but referred to the record on file as to its terms, and alleged that the issues raised by the pleadings in that action were other and different from those contained in the answer, and that such prior judgment was not an estoppel upon the town. On the trial it was stipulated that either party might read from the printed case prepared on appeal in the former action, and the whole of that record was put in evidence. The defense in the present action was that the bonds sued on were invalid and void, and not the obligations of the town, and the specific defects relied on were the following: first, that the judgment of the county judge was void on its face because the petition was not sufficient to confer jurisdiction, and that it did not set forth that the persons signing the same were a majority of the taxpayers of the town of Solon, whose names appeared on the last preceding tax list or assessment roll of said town as owning or representing a majority of the taxable property therein: second, that the Utica, Chenango and Cortland Railroad Co., was not a railroad corporation and was never legally organized, because one thousand dollars per mile had not been subscribed to its stock nor had ten per cent. thereon been paid in cash: third, that the bonds issued had upon them neither the seal of the town nor of the individual commissioners: fourth, that after their issue they were altered by affixing thereto individual seals which was done by some person or persons unknown, but by the act or procurement of the then holders of the bonds so altered: fifth, that the bonds did not run for thirty years because delivered to the company after their date: sixth, that after the delivery of the entire issue a portion were returned to the commissioners and exchanged for an equal amount, but of different denominations and different place of payment, the returned bonds having been burned or destroyed, and that the coupons sued on belonged to such bonds issued in exchange: seventh, that when the petition was pre-

sented to the county judge no order was made or filed by him for the publication of the requisite notice : and eighth, that the principal of the bonds exceeded twenty per cent. of the taxable property of the town as shown by the last preceding tax list or assessment roll. I shall refer to these detailed objections by the numbers herein affixed to them and without reference to their enumeration elsewhere. It is apparent that a single issue is raised by the complaint and answer which is the validity or invalidity of the bonds in suit. The defects pointed out or asserted are the grounds or reasons upon which the defendant maintained its side of the issue involved, but that issue is essentially one and single, and is whether the bonds are or are not the legal obligations of the town.

Turning now to the prior judgment for purposes of comparison,* we observe that it was between the same parties, their positions as plaintiff and defendant being reversed, and that the subject-matter of the controversy is identical in both litigations. The same bonds, the same liability, the same general question furnish the vital ground of controversy in each. We see further, that the same material issue dominates both. The first action was in equity. The town sued the bondholders, and sought to cancel in their hands the same identical bonds on which here and now the bondholders have sued the town. In the first case the plaintiff could not recover, nor the defendant defeat the action, except by an adjudication, one way or the other, of the validity or invalidity of the bonds. It is easy to see that the plaintiff could not succeed without proving them to be void, and securing a judgment of that tenor. But the same thing was true of the defendant in that action. It might have defended upon other grounds, those peculiar to equity, and independent of the main and central issue, but it did not. One such ground might have been that there was an adequate remedy at law, but that was waived because not raised by demurrer on the one hand, or by pleading the defense on the other. There was no such issue in the case, for if not pleaded,

---

* *Town of Solon* v. *Williamsburgh Savings Bank* (114 N. Y. 122).

it cannot be made available. (*Watts* v. *Adler*, 130 N. Y. 646; *Ostrander* v. *Weber*, 114 N. Y. 102; *Town of Mentz* v. *Cook*, 108 N. Y. 508.)   The defendant submitted itself to the jurisdiction of equity by abandoning its claim to meet its enemy only in a court of law.   Another such defense might possibly have been laches, but that was not interposed, and was explicitly shut out from the decision.   Instead of it, the defendant chose to use the facts by way of estoppel, a defense equally good at law as well as in equity.   On the trial, no merely equitable question was raised, save and except that if the bonds were invalid on their face, the remedy was at law, which the court correctly overrruled.   The defendant's final motion at the close of the case for a dismissal of the complaint rested upon no such ground, but wholly and entirely on the contention that the bonds were valid and the lawful obligations of the town.   That therefore was the sole issue involved, and the sole issue ultimately decided.   The plaintiff municipality deliberately chose the forum of equity, saying that it was afraid of the courts of law and of the multitude of suits which might follow and especially of some in the Federal courts; and before the tribunal which it voluntarily selected was bound to show, and could only succeed by showing, that the identical bonds here in controversy were void.   The defendant, which might, perhaps, have shielded itself behind two equitable defenses not touching the issue tendered, did not do so, but threw them away; incapacitated itself from having their benefit; and met its adversary squarely upon its own ground, and became bound to prove the bonds valid or submit to have them canceled. Both parties consented to try that question in equity, and neither resisted its jurisdiction.   It is plain, therefore, that the parties were the same, the subject-matter of the controversy the same and the one single and material issue the same.

But let us follow that first trial into its details even though we may not strictly be bound to do so.   The first defect relied on here is that the petition was not sufficient to give the county judge jurisdiction, and precisely that objection was number one in the equity case.   It was there stated in the exact and

identical words contained in the present answer. Under that pleading the town was bound·to present all its objections to the jurisdiction which it challenged. It could not pick out one for that trial and save five more for as many separate trials over the jurisdiction, for the estoppel of the resultant judgment covers not only what was but what might have been decided under the issue raised    (*Tuska* v. *O'Brien*, 68 N. Y. 449.) The jurisdiction then was assailed for the use of the word "represented," and there was no other criticism. Nobody had then discovered that in the petition as printed the word " and " is used instead of " as " before the word " owning;" still less that the use of either word made any difference in the plain and obvious meaning of the sentence. That is the criticism now made, and accompanied with the scintilla of an apology by saying that in *Mentz* v. *Cook* we went upon a point quite as narrow. That is a mistake. I thought the point settled upon authority in that case was small, but at least it was visible and was not as here, after two trials, raised for the first time in the General Term. (*Post* v. *Manhattan R. Co.*, 125 N. Y. 697.) But whether small or not it might have been raised in the equity case under the objection made, and is defeated by the judgment then rendered, for the trial court found as its fourth, fifth, seventh, and eleventh conclusions of law that the petition was sufficient to give the court jurisdiction, and the General Term and this court each affirmed that conclusion. It is too late in this case to seek to alter that judgment.

The second defense here is that the R. R. Co. was not a corporation by reason of the nonpayment of ten per cent on its subscription.    The complaint in the equity suit raised the same objection ·and the language of the two pleadings is again identical word for word, a fact which the appellant's brief mistakenly disregards. Proof was given in the prior. case tending to prove the facts alleged, but the court found that the railroad company did become a corporation duly organized, and as a conclusion of law that such company was at the time of such bonding a corporation duly incorporated

under the Railroad Act of this state. There was evidence to
support the finding of fact in the affidavit of the directors,
(*Buffalo R. R. Co.* v. *Hatch*, 20 N. Y. 161), and no proof to
the contrary, since testimony that some did not pay does not
show that the full payment was not made, (*Lake Ont. & Aub.
R. R., Co.* v. *Mason*, 16 N. Y. 451), and so on appeal the
General Term admitted the corporate existence, and in this
court it was not deemed necessary to argue it, but it was clearly
assumed.

The third objection here was that the bonds as issued were
unsealed. The same objection on the same state of facts was
taken in the equity case and submitted for decision. The
court found as a conclusion of law that a seal was not
necessary to the validity of the bonds in the hands of the
defendant as against the plaintiff. The judgment entered
explicitly adjudged the same thing, and in addition that the
statutory mandate was merely directory for the benefit of the
bondholders alone which they might and did waive. The
affirmance on appeal not only made the judgment in this
respect conclusive, but the General Term in its opinion dis-
tinctly said " the bonds in controversy are not invalid because
not sealed " and cited an array of authority in this court and
elsewhere not easy to resist, and the Second Division of this
court in a very elaborate and able opinion by BRADLEY, J., in
which all his associates concurred except FOLLETT, J., who did
not sit because he wrote the General Term opinion, said, after
holding that a scroll was not a seal, " but it does not follow
that the bonds are for that reason invalid. There are no neg-
ative words in the statute declaring or necessarily implying
such effect of the omission of the seal, and whether or not this
requirement was directory as held in *Draper* v. *Springport*
(104 U. S. 501) inasmuch as they were made and delivered
by the commissioners in the performance of their duty and
upon a full consideration, the mistake or failure to affix their
seals does not defeat the enforceable validity of the bonds,"
and for this doctrine five authorities were cited, three in this
and two in the Federal court. But the court went further,

and, holding that it had power to do so, in effect corrected the omission made by mistake and misunderstanding, and rendered the securities enforceable. If in that manner also the town lost its objection it was as the result of its own action in the selection of a forum. It is not needed to say whether we fully agree with our brethren of the Second Division. It does not alter the case if we do not. They made the law for this action on the same bonds and between the same parties at all events. In *Ashton* v. *City of Rochester* (133 N. Y. 187) we applied the rule of *res judicata* although expressing a disagreement with the prior decision, and any other rule would be intolerable. (*Lorillard* v. *Clyde*, 122 N. Y. 41, 48.)

The fourth ground of objection asserted here was the alteration of the bonds by the addition of wafer seals after their issue. Again we find that precise objection taken in the same terms in the equity case. Proof of such alteration was then given. The trial court found as facts, that the bonds were issued without seals, that when defendant received them there were wafer seals attached, that neither the commissioners, the president or treasurer of the R. R. Co. nor the then defendant or its agent placed them there or authorized or consented to the act. The trial court held upon the facts found as conclusions of law that the bonds were not invalidated by the subsequent affixing of wafer seals, that these were presumptively affixed by a stranger and not by any holder of the bonds, that such affixing was not a material alteration of the instrument and was not done with a fraudulent intent on the part of any holder of the bonds, and the judgment rendered literally follows and adopts these findings. That judgment stands affirmed. The criticism now attempted of the opinions rendered on the appeal, which both parties equally cite, is that the affirmance was not necessarily conclusive, but they do not relieve the appellant. It is conceded that if the wafer seals were affixed by a stranger the bonds are not harmed. The finding of fact was to that effect, and was material to the issue presented. It binds the town until reversed, but it never has been reversed. On the contrary the affirmance fixed it beyond recall or review. What is

said is that it took less evidence to support it in the equity court than it would at law because of some difference in the burden of proof. But that is the town's sole fault. It chose to test these bonds in equity and it must submit to the conclusiveness of the finding which it failed to reverse. It was clearly material to the issue for if found the other way it would have made the bonds void and compelled a decree for their cancellation. I may add to avoid misapprehension that I think the burden of proof of a fatal alteration was on the town in both forums. Where the alteration is visible on the face of the instrument the paper discredits itself and the holder should explain. But where the change simply makes the bond perfect in accordance with its own express terms and apparent purpose there is nothing for the holder to explain. The burden falls on the adversary to prove an alteration such as will affect the instrument and he must show the facts on which he relies. That is both the reasonable and the settled rule. (Wharton on Ev. vol. 1, § 629; *U. S.* v. *Linn,* 1 How. U. S. 104; *Davis* v. *Jenney,* 1 Met. 221; *Meikel* v. *St. Sav'g,* 36 Ind. 356.)

The sixth objection here relied on grows out of the change made in the denomination and place of payment of the bonds held by the plaintiff and after the full amount had been issued to the railroad company. The claim is that the commissioners after delivery of bonds representing the entire authorized amount were *functus officio* and without authority to make the change. The act of 1869 permitted the commissioners to exchange the bonds for the stock of the railroad company or sell them in the market at their discretion. The act of 1870 gave them a further discretion to issue the bonds in parcels and protected them against any compulsion before the contracting company should perform its agreement. What constitutes such an issue of the bonds as to make the commissioners *functus officio* is not at all beyond reasonable doubt, but we do not need to discuss it or commit ourselves to any opinion about it. The identical question appears in the equity suit. The facts were the same and in no respect different. The trial

court held as conclusions of law that the fact that the bonds in suit were issued to the railroad company in place of a like amount of other bonds delivered to but not used by such company does not invalidate the bonds owned by the defendant; that the town was estopped from alleging such exchange by the issuing of such bonds by its commissioners and by the recitals in the bonds, and that the defendant bank was the owner of the bonds in good faith and purchased them for full value in the usual course of business. These legal conclusions were affirmed by the court of last resort, the Second Division holding that the town was bound by the representation of its commissioners that the bonds issued were in pursuance of the authority conferred, since the fact was one peculiarly within the knowledge of the agents acting in a case where the burden of the town was in no manner increased. I think we ourselves have endorsed that doctrine; (*Brownell* v. *Town of Greenwich,* 114 N. Y. 518; *Hoag* v. *Same,* 133 N. Y. 163) but whether we have or not, and whether we agree or not, it settled the law between these parties and established the validity of the bonds in suit as against the objection founded on the substitution made. Here again the learned counsel for the appellant makes the mistake of saying there was no such issue to be decided. The town had not only denied its liability upon the bonds held by the defendant in the equity suit but had affirmatively averred that they were issued without authority and were not the valid obligations of the town. It had the right to introduce any competent evidence of that fact; it did prove the facts of the substitution, under the objection of the bondholder that they were not pleaded which the court properly overruled. The facts were found and the law applicable as I have stated it; but among the conclusions of law was one to the effect that the substitution was not within the issues because not pleaded. To that the plaintiff had an exception and one perfectly valid and sufficient to reverse the judgment unless there was another and sound answer to the evidence. Both appellate courts necessarily recognized the error of say-

ing that there was no such issue, the need of admitting that there was, and the consequent order of reversal unless there was a fair and just answer to the facts found. The Second Division made such answer and one so necessary and material, that without it or some other equally conclusive upon the merits of the objection, a reversal instead of an affirmance of the judgment would have been inevitable. It is quite too late for the party who forced this issue to a decision to claim that it was not necessarily decided.

The three remaining defects alleged are so clearly of no consequence as to justify no waste of time over them. That no formal order of publication of the county judge's notice beyond its recital in the published notice itself was or could be found appeared by the proof in the equity suit, but was held to be a mere irregularity and immaterial defect: that the amount of the bonds issued did not exceed twenty per cent of the aggregate values on the assessment-roll was in the same suit conceded: and the delivery of the bonds at a date later than their own date was also shown and is obviously a harmless fact.

It is thus apparent that the town is fully estopped by the prior judgment, not only in the broad and general sense of the one issue raised and decided but equally so as to the specific objections involved. It is of no consequence that the judgment was in equity and that fact does not prevent the operation of the estoppel, (*Tuska* v. *O'Brien, supra*). The town has had its day in court, a full opportunity to assail and test the bonds, a patient hearing and direct decision upon all the questions now raised. It would be hard to find a case to which the doctrine of *res adjudicata* could more justly and clearly apply than this.

But there is a remaining question open for consideration, and that is the allowance of interest upon the coupons from their date. It results in an award of compound interest which we have held not to be recoverable, except upon some new and independent agreement made upon sufficient consideration. (*Young* v. *Hill*, 67 N. Y. 162.) The inquiry here is, of

course, whether the coupons sued come within that exception, and the solution of the problem depends upon their nature. We have already in this court determined what they are and described their character and quality. In *Bailey* v. *County of Buchanan* (115 N. Y. 297) EARL, J., said that while it was true that past due coupons payable to bearer when detached from the bonds are for many purposes separate and independent instruments which may be negotiated and sued upon without the production of the bonds, yet such coupons always have some relation to the bonds ; that until negotiated or used in some way they serve no independent purpose ; that while they are in the hands of the holder they remain mere incidents of the bonds and have no greater force or effect than the stipulation for the payment of interest contained in the bonds ; and that while they continue in such ownership and possession it can make no difference whether they are attached or detached, as they are then mere evidences of the indebtedness for the interest stipulated in the bonds.   I think that adjudication concludes us, and a re-examination of the question in the light of the very full and able discussion in the present case only strengthens the conclusion then reached in which we all concurred.   Interest, as a rule, follows the principal without becoming principal, and cannot be compounded by force merely of the contract; but that general rule has been modified somewhat by an exception growing out of the character and purpose of interest coupons.   They may become separate and independent instruments.   When they do the exception is for the first time needed and for the first time applies.   Until they do the promise is merely to pay interest and is governed by the usual rule.   They do not become separate and independent instruments until they are utilized as such.   Before that occurs and while they remain in the hands of the holder of the bonds the occasion for the exception has not arisen and the exception does not apply.   That is plaintiff's situation.   It is true it was prevented from suing by an injunction, but the damages occasioned by it are awarded on its dissolution, and theoretically at least cover all losses thereby sustained.

It follows therefore that the judgment for the plaintiff was erroneous to the extent of its award of interest upon the coupons and should be modified by deducting therefrom the sum of four thousand two hundred and forty-four dollars and fifty-two cents, and, as modified, be affirmed without costs to either party in this court.

All concur.

Judgment accordingly.

