(37 Misc. Rep. 426.)

### AMERICAN PRESS ASS'N v. BRANTINGHAM et al.

(Supreme Court, Special Term, New York County. March, 1902.)

EQUITY—JURISDICTION.
> Where a court of equity has jurisdiction of the parties and the subject-matter, and on the trial has granted interpleader between two defendants to determine ownership of certain of plaintiff's stock, it will retain jurisdiction to determine that controversy.

Action by the American Press Association against May T. Brantingham and Julia Thaxter. Motion to dismiss the answer of defendant Brantingham. Judgment for plaintiff.

Wilcox & Brodek, for plaintiff.

Alex. Thain, for defendant Brantingham.

Purdy, Squire & Rowe, for defendant Thaxter.

GREENBAUM, J. Upon the plaintiff's proofs and the consent of all parties on the trial, a decree will be granted in behalf of the plain-

tiff for the relief asked, with costs to be taxed, and an extra allowance of $250, to be paid out of the fund on deposit to the credit of this action.

I will now consider the respective rights of the defendants to the stock, and dividends due thereon, involved in this suit, under the order of interpleader granted upon the trial. It appears that the stock in queston was part of a block of stock which one Mrs. Huff had acquired from the late Joseph Thorne; the certificates having been issued by plaintiff to Mrs. Huff, in whose name, so far as the record shows, the stock still remains. In an action in the supreme court, Second department, brought by the defendant Brantingham against Mrs. Huff (73 N. Y. Supp. 643), it was adjudged, among other matters, that the stock was procured in fraud of the right of Mrs. Brantingham by Mrs. Huff, who was ordered to deliver up the certificates to Mrs. Brantingham. It further appears that thereafter a referee was appointed in the suit aforementioned, and that, so far as he was able to do so, in default of Mrs. Huff making a transfer and delivery of the stock, he executed an assignment of her interest therein to the defendant Brantingham. After the decision of the court against Mrs. Huff, and before the formal entry of a judgment, the defendant Thaxter appeared as a claimant to the stock. Both party defendants in this action have interposed answers asserting ownership. The defendant Brantingham sets up in her answer the proceedings had in the action against Mrs. Huff relative to the stock as above outlined, and alleges that the defendant Thaxter obtained possession thereof without paying any consideration therefor, and with full notice of the action brought against Mrs. Huff in relation thereto. A copy of this answer was served upon Thaxter's attorneys. The defendant Brantingham rested her case after she had established upon the trial the facts showing her rights to the stock as above described, and after she had further shown that defendant Thaxter is a relative of Mrs. Huff; that her counsel in this action did not know where his client, Mrs. Thaxter, was, but believed that she lived in Boston, and that he had never seen her in this city, and had never had anything to do with her. The counsel for Mrs. Thaxter, pursuant to an order of the court impounding the certificates, produced them in court, and an inspection of them showed that they had been indorsed by Mrs. Huff in blank. The defendant Thaxter did not offer any testimony, and submitted her rights upon the motion to dismiss the answer of the defendant Brantingham for failure of proof in establishing a cause of action. In support of defendant Thaxter's contention, her learned counsel argued that the case must be treated either as one for specific performance, treating Thaxter as an assignee with notice, as a judgment creditor's action, as an action to impose a constructive trust, or as an action to set aside a fraudulent transfer. It is then urged that neither of these actions is here maintainable, and that the defendant Brantingham has an adequate remedy at law. It may be well at the outset to dispose of the last-mentioned contention first. The court has acquired equitable jurisdiction of the parties and the subject-matter; the parties, although brought in ad invitum, have submitted to this jurisdiction; and no such plea was raised by any reply which the defendant Thaxter might have served to

the answer of defendant Brantingham.   Under all these circumstances, this court should retain this cause, and determine the respective rights of the parties to the stock. Williamsburgh Sav. Bank v. Town of Solon, 136 N. Y. 465, 32 N. E. 1058.  The case here presented is that of two claimants to the same shares of stock.   A court of equity, having acquired jurisdiction of the case for one purpose, and having entertained interpleader to determine the respective rights of the defendants, will not be bound by the technical rules appertaining to strict actions at law; nor will it label the case with a special designation, and rest its determination upon the rules applicable to such special cases.   The defendant Brantingham has satisfactorily established her right, prima facie, to the stock.   But the defendant Thaxter, through her counsel, claims that the doctrine applicable in the cases of holders of negotiable instruments before maturity should be applied, and that, upon the production of the stock by Thaxter, the burden is shifted upon the defendant Brantingham to show that Thaxter is not a holder bona fide, for value.   Certificates of stock have at times, as matter of convenience, been considered as having an element of negotiability when indorsed in blank, but "they do not possess the qualities of commercial paper in the full sense of the term."   They are rather to be treated as evidence of title.   Fifth Ave. Bank v. Forty-Second St. & G. St. Ferry R. Co., 137 N. Y. 238, 33 N. E. 378, 19 L. R. A. 331, 33 Am. St. Rep. 712; Knox v. Eden Musée Americain Co., 148 N. Y. 455, 42 N. E. 988, 31 L. R. A. 779, 51 Am. St. Rep. 700.   And indeed the defendant Brantingham has, in my opinion, in the absence of explanatory testimony, even fully established the mala fides of the defendant Thaxter.   Mrs. Brantingham comes into court with the highest evidence of right to the stock, under a decree of the supreme court.   She shows that Mrs. Huff, the defendant in that suit, a fugitive from the state, has, in defiance of the decree of this court, transferred the stock to the defendant Thaxter, a relative, who has not even verified her answer herein, but has interposed it, verified by her attorney, who has presumably never seen her, whose whereabouts are unknown to her own counsel, and who is not sufficiently interested in the outcome of her case to warrant her attendance upon the trial.   Circumstances are often more valuable as evidence than the testimony of living witnesses.   To hold that, under all the circumstances developed on this trial, the defendant Brantingham has failed to sustain the burden of proof, would necessitate a violent wrench of conscience.   The defendant Brantingham is entitled to a judgment as prayed for in her answer, with costs, and extra allowance to be hereafter fixed.

Judgment for defendant Brantingham, with costs and extra allowance.