**EMPIRE TRUST CO. et al. v. EQUITABLE OFFICE BLDG. CORPORATION.**

No. 160, Docket No. 20853.

Circuit Court of Appeals, Second Circuit.

April 9, 1948.

Olin, Murphy & Redmond, of New York City (T. Fergus Redmond, of New York City, of counsel), for Empire Trust Co., appellant.

Wagner, Quillinan, Wagner & Tennant, of New York City (Sidney R. Nussenfeld, of New York City, of counsel), for Granger Committee for Debenture Holders, appellant.

Scribner & Miller, of New York City (Louis G. Bernstein, of New York City, of counsel), for Amott Debenture Holders' Protective Committee, appellant.

Wickes, Riddell, Bloomer, Jacobi & McGuire, of New York City (Herman E. Riddell and Milton I. Newman, both of New York City, of counsel), for Equitable Office Building Corporation, appellee.

Henry S. Hooker, of New York City (Irving L. Schanzer, of New York City, of

counsel), for J. Donald Duncan, Trustee of Debtor, appellee.

Roger S. Foster, Sol., and Sidney H. Willner, Associate Sol., both of Philadelphia, Pa., George Zolotar, Sp. Counsel, of New York City, and Alexander Cohen, of Philadelphia, Pa., Atty., for Securities and Exchange Commission, appellee.

T. Roland Berner, of New York City, for stockholder appellees.

Before L. HAND, SWAN, and FRANK, Circuit Judges.

SWAN, Circuit Judge.

The Modified Plan of Reorganization provides for payment of the debentures in full with interest at the rate of 5% per annum to the date of consummation.[1] The appellants contended below and reassert here that the debenture holders are entitled to interest at the rate of 6% per annum from June 1, 1941 (the maturity date by acceleration), on the principal of the debentures, and to interest at 5% per annum on the unpaid interest coupons attached to the debentures. Their appeals are from those portions of the orders of September 17, 1947, and October 24, 1947, which limited interest on the principal to 5% and denied any interest on the coupons. The district court wrote no opinion.

■ Little need be said as to the claim of 6% interest on the principal. Each debenture contains a promise to pay the principal on May 1, 1952, "and to pay interest thereon in like gold coin at the rate of five per centum (5%) per annum from May 1, 1917, on presentation and surrender * * * of the annexed coupons as they severally become due, on the first days of May and November in each year, until such principal shall be paid." Interest was not paid on May 1, 1941, the debtor's proceeding for reorganization under Chapter X of the Chandler Act, 11 U.S.C.A. § 501 et seq., having been filed April 10, 1941. Subsequently, pursuant to court order in the reorganization proceeding, the interest instalments due May 1 and November 1, 1941, were paid. The confirmed plan now before us provides for payment of 5% interest from November 1, 1941. The appellants assert that the acceleration clause in Article VII of the Trust Indenture caused all debentures to become due on June 1, 1941, and that they are entitled to the statutory rate of 6% interest thereafter. Assuming without decision that the clause operated automatically, this would not render inapplicable the promise to pay interest at 5% per annum "until such principal shall be paid." The contractual rate was to continue until *payment*, not until the debentures *matured*, whether by lapse of time or acceleration. To support the conclusion that the contract rate must control it is sufficient to cite In re Realty Associates Securities Corp., 2 Cir., 163 F.2d 387, 389, certiorari denied sub nom. Manufacturers Trust Co. v. Realty Associates Securities Corp., 332 U.S. 836, 68 S.Ct. 218.

■ The claim of interest on overdue interest coupons is less simple. The interest coupon itself says nothing about interest after its maturity. But Article VII of the Trust Indenture, which deals with the trustee's rights and powers after default, provides that the trustee may sell the collateral and, after deducting the expenses of sale and other charges, "the Trustee shall apply the residue of the proceeds, together with all cash held by it * * * to the payment, first, of all overdue coupons representing interest upon said debentures, in the order of their maturity, with interest thereon at the rate of five per cent. per annum, and then of the interest accrued on said debentures not represented by overdue coupons, and finally, of the principal of all said debentures, without preference or priority as between coupons of the same date or as between debentures; * * *" If this provision be confined, as it literally is, to the payment of interest on overdue coupons only if the trustee has made a sale of the collateral, it would mean that the rights of a coupon holder who himself collects an overdue coupon from the obligor are different from his rights when the trustee collects for

---

[1] In Knight v. Wertheim & Co., 2 Cir., 158 F.2d 838, 844 and Dana v Wertheim & Co., 2 Cir., 158 F.2d 982, this court determined the right of stockholders to present an amendment to an earlier plan of reorganization by way of an offer which would produce enough cash to pay off the debentures, principal and interest.

him. If he collects it himself he will either get 6% interest after maturity, on the assumption that the law of New York treats an overdue coupon like a defaulted promissory note, or, on the contrary assumption, he will get only the face of the coupon since it contains no promise to pay interest after maturity; but if the trustee collects, the obligor must pay interest on overdue coupons, assuming that the law of New York recognizes such an obligation as valid. We cannot accept such an interpretation of the contract. As we said in Realty Associates Securities Corp., 2 Cir., 163 F.2d 387, 390, "It would introduce an inconsistency into the debtor's obligations which the parties cannot reasonably be believed to have intended." Consequently, we think the sale-of-collateral clause should be construed as equivalent to a covenant to pay interest at 5% per annum on overdue coupons. This presents the questions about which most of the argument has revolved, namely, whether such a covenant is valid under New York law, and, if it is, whether it can be recognized in a court of bankruptcy in view of Vanston Bondholders Protective Committee v. Green, 329 U.S. 156, 67 S.Ct. 237.

In Stewart v. Petree, 55 N.Y. 621, 623, the court stated that an agreement in advance for the payment of interest upon interest cannot be enforced, "for the reason that such an agreement is regarded in this State as against public policy." Similar statements of the New York law may be found in many later cases. Thus in Newburger-Morris Co. v. Talcott, 219 N.Y. 505, 510, 114 N.E. 846, 847, 3 A.L.R. 287, Judge Cardozo said that "The rule is settled that a promise to pay interest upon interest is void if made at a time before simple interest has accrued," citing Young v. Hill, 67 N.Y. 162, 23 Am.Rep. 99. And with respect to interest coupons, the same judge declared in Continental Securities Co. v. New York Central & H. R. R. Co., 217 N.Y. 119, 125, 111 N.E. 484, 486: "It makes no difference that the promise to pay interest is represented by coupons. Until detached and separately negotiated, a coupon is merely an incident of the bond without greater force than any other promise for the payment of interest," citing Williamsburgh Savings Bank v. Town of Solon, 136 N.Y. 465, 481, 32 N.E. 1058, 1062. The Williamsburgh case, however, is not a precisely controlling authority because in that case there was no promise by the borrower to pay interest on the overdue coupons, while in the case at bar we have construed the sale-of-collateral clause of the Trust Indenture as equivalent to such a promise. No decision by a New York court which is exactly in point has been discovered, but the question whether a promise to pay interest on overdue coupons is valid under New York law has been carefully considered in several federal cases. In American Brake Shoe & Foundry Co. v. Interborough Rapid Transit Co., D.C.,S.D.N.Y., 11 F.Supp. 418, 419, 420, Judge Mack expressed the view that such a promise was unenforceable.[2] Nevertheless he allowed interest to the coupon holders under the doctrine of Swift v. Tyson, 16 Pet. 1, 10 L.Ed. 865. Thereafter the question was presented in the same receivership to Judge Patterson, who was constrained by Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, to determine the New York rule and he reached a conclusion contrary to that expressed by Judge Mack. American Brake Shoe & Foundry Co. v. Interborough Rapid Transit Co., D.C., 26 F.Supp. 954. It is upon his decision that the appellants rely in contending that they are entitled to interest on the overdue coupons attached to their bonds.

Judge Patterson was of opinion that the New York cases which declared that a promise to pay interest on interest was against public policy were limited to agreements to pay technical compound interest and were not controlling where the agreement was for simple interest on overdue coupons. Great as is our respect for any judicial pronouncement of Judge Patterson we are compelled to differ with his view of the New York law on this subject. As we read the cases, the courts of that state

[2] Mr. Justice Frankfurter, in his concurring opinion in the Vanston case, 329 U.S. at page 171, 67 S.Ct. at page 244, refers with apparent approval to Judge Mack's view of New York law, as well as to Judge Cardozo's dictum that "a promise to pay interest upon interest is void."

have used the terms "interest on interest" and "compound interest" interchangeably and have declared that either type of agreement made in advance is violative of public policy. Thus, in the Williamsburgh Savings Bank case, 136 N.Y. 465, 480, 32 N.E. 1058, 1062, the court said that the allowance of interest upon the coupons "results in an award of compound interest, which we have held not to be recoverable, except upon some new and independent agreement, made upon sufficient consideration." Other cases involving true interest on interest situations are collected in Judge Nordbye's able discussion of the New York law in In re Wisconsin Cent. Ry. Co., D.C.Minn., 63 F.Supp. 151, 154. See also Judge Clancy's dictum in Transbel Inv. Co. v. Roth, D.C., S.D.N.Y., 36 F.Supp 396, 399, that interest on interest "differs from compound interest not in character or quality but only in quantity." The Circuit Court of Appeals for the Sixth Circuit in In re American Fuel & Power Co., 151 F.2d 470, 476-478, after a thorough survey of the cases concluded that a promise to pay interest on overdue interest coupons is void under New York law. With this view we agree.

The Sixth Circuit case was affirmed sub nom. Vanston Bondholders Protective Committee v. Green, 329 U.S. 156, 67 S.Ct. 237, where the majority of the court held it unnecessary to pass upon the validity of the provision for the payment of interest on interest. The concurring opinion, however, accepted the finding of the Circuit Court of Appeals that in New York the undertaking to pay interest was void. Basing their argument on the majority opinion in the Vanston case, the appellees argue that even if the promise to pay interest on overdue coupons was valid under New York law it would not be recognized in bankruptcy. On the other hand, the appellants attempt to distinguish the Vanston case because there allowance of the interest on interest to the first mortagage bondholders would have reduced the amount subordinate creditors would receive in the reorganization, while in the case at bar it would merely reduce the sum payable to the debtor's shareholders. Whether the attempted distinction is sound we need not determine, since we have already decided that the promise to pay interest on interest created no valid obligation to holders of unnegotiated coupons.

The appellants' further point that the plan of reorganization is unfair because it does not require the debtor to pay to the indenture trustee for debenture holders the interest coupons on mortgage bonds pledged as collateral, is without merit. Since the debenture holders are to be paid in full, they have no further interest with respect to the collateral.

The orders on appeal are affirmed.