■ SARAH LEVINE, Respondent, v. U. N. CLEANERS et al., Defendants, and MAX SIMON et al., Appellants.— Appeal from a judgment entered after trial before an Official Referee in favor of respondent against appellants for the balance of principal due, together with interest, on a loan made to appellant Max Simon and defendant Seymour Levine, payment of which indebtedness was assumed by all the appellants. Judgment modified on the law and

the facts by striking from the decretal paragraph everything after "Alex Edelman" and up to but not including "and the further sum of" and by substituting in lieu thereof "the sum of Five Thousand Nine Hundred Eighty-six ($5,986.00) Dollars, with interest in the amount of One Thousand Seven Hundred Fifty-seven Dollars and Seventy-three Cents ($1,757.73), amounting in all to Seven Thousand Seven Hundred Forty-three Dollars and Seventy-three Cents ($7,743.73)"; by striking from said decretal paragraph "Eight Thousand Two Hundred Thirty-one Dollars & Four cents ($8,231.04)" and by substituting in lieu thereof "Seven Thousand Nine Hundred Thirty-six Dollars & Eighteen cents ($7,936.18)". As so modified judgment unanimously affirmed, without costs. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. The total of the payments to respondent on account of the loan, in the form of deposits into her bank account, totaled $6,014. Crediting that amount against the original indebtedness of $10,000, to which was added $2,000 on May 28, 1953, the balance due on account of principal was $5,986. It was error to allow compounding of interest. The compounding was effectuated by using the total of unpaid principal and interest up to the date of the assumption of the debt by appellants as a base and allowing interest on that total up to the date of judgment. The general rule is that interest should not be compounded (*Williamsburg Sav. Bank* v. *Town of Solon*, 136 N. Y. 465, 480–481; *Seymour* v. *Spring Forest Cemetery Assn.*, 4 App. Div. 359, 367, affd. 157 N. Y. 697). The fact that payment of the indebtedness was assumed by appellants on a date after some interest had accrued does not require a departure from the rule. We have computed simple interest on the various unpaid balances of principal throughout the period of the indebtedness up to the time of the entry of judgment at the rate of 6% per annum, and find it to be $1,757.73. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Hallinan, JJ.