THE LAKE ONTARIO SHORE RAILROAD COMPANY, Appellant, *v.* PHILANDER H. CURTISS, Respondent.

Where two persons, for a consideration sufficient as between themselves, covenant to do some act, which, if done, would incidentally result in the benefit of a mere stranger, he has not a right to enforce the covenant, although one of the contracting parties might enforce it as against the other.

Defendant and others signed the following instrument : "We, the undersigned, citizens of Unionville and vicinity, pledge ourselves to subscribe for and take stock in and for the construction of the Lake Ontario Shore Railroad to the amount set opposite our name respectively, on condition said road be located and built through or north of the village of Unionville, in Parma." In an action thereon, *held,* that it was not a subscription to plaintiff's capital stock ; that it was in no sense a party to the agreement, and could not maintain an action thereon.

*It seems,* that an action by a party to the instrument could not be maintained in the absence of evidence that the contract was entered into for his benefit, and not until after the condition stated therein had been performed ; also, that any recovery would be, not for the amount of the promised subscription, but only for the damages which such party had sustained.

It appeared that plaintiff's road and property of every kind, with its rights and franchises, were sold under a mortgage, that a new company was organized, which became the owner thereof, and that the road was

thereafter built by the new company; plaintiff did not offer to furnish defendant with stock in the new road. *Held,* that these facts did not aid the plaintiff; that plaintiff, although not formally dissolved, had in fact ceased to exist for any practical purpose; that its certificate of stock, if now issued, would not represent the road, or anything else of value, and so that defendant would receive no consideration for his subscription, if made, or for his money, if paid.

(Argued February 3, 1880; decided February 24, 1880.)

Appeal from order of the General Term of the Supreme Court, in the fourth judicial department, reversing a judgment in favor of plaintiff, entered upon a decision of the court, on trial without a jury.

This action was brought upon an alleged subscription for the capital stock of the plaintiff.

The complaint alleged "that heretofore, about the year 1869, the said defendant, for a valuable consideration, duly subscribed in writing for, and agreed to and with said company to take, five shares of the capital stock of said company, of the par value of one hundred dollars each, and the said company, in consideration of said subscription, agreed to issue said stock to said defendant, and the defendant then and there agreed to pay on said subscription for said stock at the rate of one hundred dollars per share, when required so to do by said company; that the said company has made calls on said stock, and requested of the defendant the payment of his subscription therefor, to the full amount thereof," which the defendant neglected to pay.

The facts were stipulated and were to the effect following:

Defendant and others signed an instrument of which the following is a copy:

"Parma, Monroe County, *January* —, 1872.

"We the undersigned, citizens of Unionville and vicinity, pledge ourselves to subscribe for and take stock in and for the construction of the Lake Ontario Shore Railroad, to the amount set opposite our names respectively, on condition said road be located and built through or north of the village of Unionville in Parma."

The amount set opposite defendant's name was $500.

Plaintiff's road was located and partly graded through Unionville prior to September 23, 1874, and the iron for the road had been bought and paid for by it. On September 23, 1874, all of plaintiff's property, real and personal, together with its rights and franchises, was sold by virtue of a decree of foreclosure, on a mortgage given to secure its bonds. The purchasers at such sale organized themselves under the statute into a corporation under the name of the Lake Ontario Railroad Company. The new company proceeded and completed the road previous to the commencement of this action.

*C. T. Richardson,* for appellant. Whatever may be the form or language of a subscription to the stock of an incorporated company, every person who in any manner becomes a subscriber for or engages to take any portion of the stock of such company, thereby assumes to pay for the same according to the conditions of the charter. (*Rensselaer and Washington Plank Road Co.* v. *Barton,* 16 N. Y., 457, note ; *Same* v. *Wetsel,* 21 Barb., 56; *O., R. and C. R. R.* v. *Frost and Spriggs,* 21 id., 541; *Palmer* v. *Lawrence,* 3 Sandf., 161; *Sageny* v. *Dubois,* 3 Sand. Chy., 466; *Spear* v. *Crawford,* 14 Wend., 20; *H. and N. H. R. R. Co.* v. *Kennedy,* 12 Conn., 500; chap. 127, Laws 1871, § 4.) It is no defense that the plaintiff did not itself " complete " the road. (*Smith* v. *Gomes,* 2 Dun. [Ky.], 17; *Dill* v. *Wabash R. R. Co.,* 21 Ill., 91; *Chamberlain* v. *P. and H. R. R. Co.,* 13 Ohio St., 225; *Ashtabula and New Lisbon R. R. Co.* v. *Smith,* 15 id., 328; *Miller* v. *Pittsburg and Connelsville R. R. Co.,* 4 Pa., 337.) The act of the defendant in paying fifty dollars on February 23, 1873, was a waiver of the conditions in the subscription. (*Hamilton and Dansville Plank Road Co.* v. *Rice,* 7 Barb., 167; *The Trustees of Farrington Academy* v. *Allen,* 14 Mass., 172.)

*J. C. Cochrane,* for respondent. If the subscription was valid, and freed from the condition, it was the property of

the company. (*The Syracuse, Phœnix and Oswego R. R. Co.* v. *Gere,* 4 Hun, 392–396.) The corporation was not extinguished, but merged in the new company, which had purchased its property and franchises. (*Commonwealth* v. *The Central Passenger Railway Company,* 52 Pa., 506.) The old company cannot exercise any franchise whatever. (Field on Corporations, § 434; *Matter of Brooklyn R. R.,* 72 N. Y., 145.)

DANFORTH, J. Notwithstanding the ingenious argument of the learned counsel for the appellant, we are unable to discover in it, or in any of the numerous authorities cited by him any principle in law or equity upon which this appeal can be successful. The case is without precedent. The plaintiff is in no sense a party to the contract upon which the action is brought. The undertaking is between certain persons, " citizens of Unionville, and its vicinity," and in its mutuality is the only consideration by which it can be supported ; by it they pledge themselves to subscribe for and take stock in and for the construction of the Lake Ontario Shore Railroad, to the amount set opposite their names respectively. It is therefore not a subscription to the capital stock of the plaintiff, taking effect presently, but a promise ; each subscriber with the other, to do so at some future time, and not then absolutely, but only " on condition said road be located and built through or north of the village of Unionville, in Parma." If any action could be maintained upon it by any person, it must be some one of the subscribers, or his assignee. The legal effect of the contract is restricted to them. The general rule applicable to the parties before us, and the instrument signed by the defendant, is that when two persons for a consideration sufficient as between themselves, covenant to do some act, which if done would incidentally result in the benefit of a mere stranger, that stranger has not a right to enforce the covenant, although one of the contracting parties might enforce it as against the other. As to the plaintiff the contract is purely voluntary, and without

consideration. This point, however, need not be dwelt upon, for, *first,* it does not appear either by the instrument itself, or the finding of the trial court, or from any evidence in the case that the contract was entered into for the plaintiff's benefit, and, *second,* even the parties to the instrument could sustain no action upon it until after the condition had been performed, and then the measure of the recovery would be, not the sum stated as the amount of the promised subscription, but the damage which the person bringing the action had sustained. The complaint in this case contains none of these elements. Neither does the stipulation, upon which, as upon an admission of the facts therein stated, the case was tried, supply them. On the contrary the complaint alleges " that the defendant subscribed in writing for, and agreed to and with the plaintiff to take, five shares of its capital stock, of the par value of $100 each," " in consideration of which (as it also alleges), the plaintiff agreed to issue said stock to the defendant, and the defendant then and there agreed to pay in said subscription for said stock when required so to do by said company." As before suggested there is nothing to this effect, or anything from which these things may be implied in the written instrument, which as appears by the stipulation, and the finding of the trial court, is the one on which in fact the action is brought. Moreover it is apparent from that paper not only, that the condition referred to was to be first performed, but that the stock to be then subscribed for was to be stock of a company owning the road therein described, and the value of which would to some extent be increased by the payment of the various sums subscribed upon the paper in question. In other words the parties intended *first,* to secure the location of the road at the place named, *second,* that it should be built, and these things being done, to become as stockholders, part owners of the road and other property of the corporation. It is, however, shown that the plaintiff never performed the condition upon which the defendant's liability was contingent, and it is also established, that before the action was brought, the

plaintiff's "road, its property and estate, real and personal," together with its rights and franchises, were sold under a mortgage, and a new company organized, which became the proprietor thereof. It is true that by this company, the road has been since built. I do not see how that can aid the plaintiff. The defendant would be entitled to no stock in the new company. Nor does the plaintiff propose to furnish it. It seeks to recover in this action, pay for its own stock, not yet issued. And notwithstanding the events to which I have referred, and its destitute condition, it is zealously contended by the learned counsel for the appellant that it still exists as a corporation, and is entitled to the defendant's money. It does not appear to have been dissolved by any judgment of a court, but this is not important in the present case. It has in fact ceased to exist for any practicable purpose. (*Slee* v. *Bloom*, 19 J. R., 456; *Kincaid* v. *Dwinelle*, 59 N. Y., 548.) The object of its creation, and to effect which it was permitted to come into being, cannot be answered. It cannot enjoy the privileges conferred by statute, nor would its certificate of stock, if now issued to the defendant, represent the road, or anything else of value. He would receive no consideration for his subscription if made, or for his money if he paid it at the call of the plaintiff.

The order of the General Term should be affirmed, and judgment absolute be rendered against the appellant with costs.

All concur.

Order affirmed, and judgment accordingly.