McAdam, Ch. J.
The plaintiff seeks to hold the defendant as a, stockholder of the American Opera Company, a corporation • created under the act of 1875 (chap. 611), upon two grounds, (1) because there is a balance due on his original subscription for stock, and (2) because the whole amount of capital stock fixed by the company, has not been paid in: As the consequences in either case are the same, the action will be treated as one to hold the defendant for the unpaid subscription.
The plaintiff is an ordinary contract creditor of the cor *81 poration, and the first objection urged is that the action cannot be maintained because the plaintiff’s remedy against the corporation has not been exhausted. The rule undoubtedly is, that corporate creditors, before they can proceed against the stockholders, must first recover a judgment against the corporation, issue an execution thereon, which if returned unsatisfied gives them a status in court. This is based upon „ the principle that the liability of the shareholder is not the primary resource of corporate creditors, and is not, therefore to be resorted to if the assets of the corporation will suffice to pay the debts: and the sheriff’s return is made the test in determining this question (Cook on Stockholders, §§ 200, 221).
The plaintiff claims that this rule has no application to a corporation created under the act of 1875 (chap. 611), because the only condition imposed to proceeding against the stockholder directly, is contained in these words : “No execution shall issue against any stockholder individually, until execution has been issued against the corporation and returned unsatisfied ” (§ 37). But this section must be read *82 and applied in connection with every other section of the act. All must have their due and conjoint effect. . Each must be so far qualified and limited by each other as that all may have operation in harmony, and each must be kept in subservience to the general intent of the whole enactment (Ansonia B. & C. Co. v. New L. C. Co. (53 N. Y. 123, 125). Section 25, provides that “ no stockholder shall be personally liable......unless an action for the collection of the debts shall be brought against such corporation within two years after the debt shall become due.” The two sections construed together are equivalent to the. pro visions of section 24 of the manufacturing act of 1848 (chap. 40), and must bear the same interpretation.
Under the act just referred to, a judgment and execution returned unsatisfied, have always been held to be necessary pre-requisites to the maintenance of an action against the stockholder which will not be dispensed with even by an allegation of insolvency (Lindsley v. Simonds, 2 Abb. Pr. N. S. 69; Rocky M. N. Bk. v. Bliss, 89 N. Y. 338).
The plaintiff’s contention, that he may proceed against the corporation and the stockholder by separate actions, pari passu, and that the only effect of section 37, is to stay execution in the action against the stockholder until the execution against the company has been returned, is certainly anomalous, and might lead to strange results if held to be correct. Suppose the creditor recovered a judgment against the stockholder, but never recovered any against the company, how would the creditor get rid of the judgment obtained against him ? True, the creditor under the plaintiff’s construction of section 37, could never issue execution upon it, but it would nevertheless remain a cloud against the defendant’s credit, and a lien on his real estate, which could only be discharged by payment. Surely, the statute never contemplated or intended such a possibility, and yet the construction claimed by the plaintiff might lead to just such a result.
*83 In “ full” liability companies, created under the act of 1875, chap. 611, the stockholders may be joined as defendants .with the corporation in any action against the company, for any of its debts and liabilities (§ 34). The intention of the legislature was to put stockholders in “ limited” liability companies on a more favorable footing, and yet the construction urged by the plaintiff would, if adopted, subject the several stockholders and corporation to separate suits for the same debt, at the same time, and this, though the corporation itself might be solvent, and able to meet all its obligations from the corporate treasury. These litigations and the costs incidental to them might be multiplied to an indefinite extent. The policy of the law is against needless litigation, and the act of 1875,was designed to furnish a more orderly method of procedure. It intended that in “limited” liability companies, the primary liability of the corporation should first be exhausted, before the. creditor concerned himself about unpaid subscriptions to the stock. Credit is given to the corporation, and it is the natural order of business that creditors are to be paid from funds in the corporate treasury. After they have exhausted all legal measures against the corporation and failed to collect from it, the creditors may then prosecute delinquent stockholders and others, for all or any of the statutory penalties they have incurred in failing to conform to the requirements of the law.
The courts in their endeavor to prevent a multiplicity of suits, have in some instances held that the remedy of the creditor to enforce unpaid subscriptions was by bill in equity on behalf of himself and others similiarly situated, in which the corporation and its stockholders may be brought in as defendants, that their various rights, liabilities and equities may be determined in one action, and this upon the theory that no one creditor can assume that he alone is entitled to what the stockholder owes, and that it is inequitable to permit him to sue at law to appropriate it exclusively to himself (Harris v. First Parish in Dorchester, 23 Pick. 112; Bush v. Cartwright, 7 Oregon, 329 ; Patterson v. Lynde, *84 106 U. S. 519). While any judgment creditor of the corporation, having an execution returned unsatisfied, may invoke this equitable remedy, he is not obliged to take it, but may in this and some of the other States (unless restrained) enforce the statutory liability for his own benefit, by an •ordinary action at law (See cases collated in Cook on Stockholders, § 203; Morawetz on Corp. § 895). The underlying principle of either mode of procedure, is that the ■creditor lias exhausted his remedy against the corporation, .and is forced to resort to the ulterior liability of the stockholders as the only means of obtaining satisfaction of, his •demand.
For the reasons stated, it is evident that the plaintiff, as a ■simple contract creditor, cannot maintain the action, and that the demurrer to her complaint must be sustained, with •costs.