(9 Misc. Rep. 425.)

### SOUTH BUFFALO NATURAL GAS CO. v. BAIN.

(Superior Court of Buffalo, General Term. July 18, 1894.)

CORPORATIONS—STOCK—LIABILITY ON SUBSCRIPTION.

Under a statute providing that, at the time of subscribing to stock, every subscriber whose subscription is payable in money shall pay 10 per centum of the amount subscribed, and that no such subscription shall be received or taken without such payment, failure to pay the per centum required renders a subscription made after incorporation void.

Appeal from trial term.

Action by the South Buffalo Natural Gas Company against Donald Bain. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before HATCH and WHITE, JJ.

Edward L. Jellinek, for plaintiff.

Frank R. Perkins, for defendant.

HATCH, J. Plaintiff's existence as a corporation, whether defective or not, is sufficient to enable it to maintain this action. Railroad Co. v. Carey, 26 N. Y. 75. The subscription for the stock was made after incorporation, and was in form sufficient to create liability, had there been compliance with the provisions of law respecting payment. The statute regulating such subscription provides: "At the time of subscribing, every subscriber, whose subscription is payable in money, shall pay to the directors ten per centum upon the amount subscribed by him in cash, and no such subscription shall be received or taken without such payment." Defendant subscribed for 10 shares of plaintiff's stock, paid nothing, and now resists an attempt to enforce liability. It was early held that a failure to pay the per centum rendered the subscription void. Jenkins v. Turnpike Co., 1 Caines, Cas. 86. This doctrine was subsequently questioned, and held not to apply to a subscription to the capital stock of a company made before incorporation (Railroad Co. v. Mason, 16 N. Y. 457, 458; Beattys v. Town of Solon, 64 Hun, 120, 19 N. Y. Supp. 37), the construction of the statute being that, if the aggregate payment amounted to the required 10 per cent., it was sufficient. The distinction between such a subscription and one made subsequent to incorporation was recognized. With respect to the latter, the decisions in this state have been uniform that payment must follow subscription, and until both acts concur no valid contract exists. Railroad Co. v. Van Horn, 57 N. Y. 473; Beach v. Smith, 30 N. Y. 122–132; Railroad Co. v. Clarke, 25 N. Y. 210; Railroad Co. v. Woolley, *40 N. Y. 118; Binder Co. v. Stayner, 58 How. Pr. 275, on appeal 25 Hun, 91; Perry v. Hoadley, 19 Abb. N. C. 79. Undoubtedly a different rule obtains in other states.

Cook, Stock & S. § 173, where the authorities warranting the statement that advantage may not be taken of failure to pay are collected. But he admits that the rule is different in New York. Id. § 174. Reliance is placed by plaintiff upon the case of Railroad Co. v. Gifford, 87 N. Y. 294. This case was disposed of in the supreme court, respecting this question, upon two grounds: That the plaintiff agreed to take the stock before the organization of the corporation, and that such agreement was accepted, and that these acts constituted a binding contract; that, after making the subscription, defendant paid the 10 per cent., and thus ratified it. Railroad Co. v. Clark, 22 Hun, 359. This opinion also states: "The payment of ten per cent. undoubtedly is a prerequisite to a valid subscription." The court, upon appeal, seems not to agree to the latter proposition. But it was not speaking of a case where the single element of subscription stands alone, nor does it express disapprobation of its own prior decisions, or those of the supreme and other courts, upon that subject. It is easy to see that the case falls within the principle of the cases first cited, and can be upheld under them, as there was present an original subscription and subsequent ratification, while, upon the question of subsequent payment, the case is supported by all the authorities. We are therefore left to conclude that a change of the rule was not intended to be announced. These views lead to a reversal of the judgment appealed from.