(39 Misc. Rep. 79.)

### WOODS MOTOR VEHICLE CO. OF BUFFALO v. BRADY.

(Supreme Court, Trial Term, Erie County. October, 1902.)

1. CORPORATIONS—STOCK SUBSCRIPTIONS.

A person subscribing, with others, for shares of capital stock in a corporation to be formed, and which subscription remained unrevoked after the corporation is formed, is liable on his subscription, though he was

not mentioned as a subscriber in the certificate of incorporation, where the corporation makes a demand on him for the payment of his subscription a few days after its organization; the inference of an election on the part of the corporation to reject him as a subscriber because of such omission in the certificate being overcome by the demand for payment.

Action by the Woods Motor Vehicle Company of Buffalo against James B. Brady to recover a stock subscription. Judgment for plaintiff.

Bissell, Carey & Cooke, for plaintiff.
Hardy & Shellabarger, for defendant.

KENEFICK, J. The defendant and seven other persons signed the following agreement, to wit:

"We, the undersigned, in consideration of the mutual covenants and agreements hereinafter contained, hereby subscribe for the number of shares set opposite our respective names, of the seven per cent. preferred, noncumulative capital stock of a corporation to be organized under the laws of the state of New York for the purpose of dealing in automobiles and motor vehicles, which corporation is to have a capital stock of three hundred thousand dollars ($300,000), of which one hundred thousand dollars ($100,000) shall be seven per cent. (7%) preferred, noncumulative stock, and two hundred thousand dollars ($200,000) common stock; and we further agree to pay for the said stock so subscribed whenever payment of the same may be called for by the board of directors of said corporation.
"Dated this 16th day of January, 1900."

The aggregate number of shares subscribed was 235, of which the defendant subscribed 50. Subsequently, and on the 2d day of June, 1900, this certificate of incorporation, signed and acknowledged by all the persons who executed the agreement, except the defendant, and by two other persons, was duly filed:

"We, the undersigned, all being persons of full age, and at least two-thirds being citizens of the United States, and at least a majority of us residents of the state of New York, desiring to form a corporation pursuant to the provisions of the business corporation law of the state of New York, do hereby make, sign, acknowledge, and file this certificate for that purpose, as follows:
"First. The name of the proposed corporation is Woods Motor Vehicle Company of Buffalo, N. Y.
"Second. The purposes for which it is to be formed are the manufacturing, leasing, purchasing, and selling of all kinds of automobiles, motor vehicles, and other vehicles, and all the parts thereof, and other vehicles used or designed to be used in connection therewith; the operating, leasing, and renting for hire of all kinds of automobiles, motor vehicles, and other vehicles, including the carrying on of a general business in automobiles, motor vehicles, and other vehicles, and everything connected therewith and incidental thereto.
"Third. The amount of capital stock is three hundred thousand dollars ($300,000), of which one hundred thousand dollars ($100,000) is to be preferred, seven per cent. (7%), noncumulative stock, and of which two hundred thousand dollars ($200,000) thereof is to be common stock. Upon the dissolution of the said corporation the said preferred stock is to be paid in full before any dividend is paid to the holders of the common stock.
"Fourth. The number of shares of which the capital stock shall consist is one thousand (1,000) shares of preferred, seven per cent., noncumulative stock, of the par value of one hundred dollars ($100.00) each, and two thousand (2,000) shares of the common stock, of the par value of one hundred dollars ($100.00) each, and the amount of capital with which the said corporation will begin business is five thousand dollars ($5,000.00).

"Fifth. Its principal office is to be located in the city of Buffalo, county of Erie, and state of New York.

"Sixth. Its duration is to be fifty (50) years.

"Seventh. The number of directors is to be eleven.

"Eighth. The names and post-office addresses of the directors for the first year are as follows:

| Names. | P. O. Addresses. |
|---|---|
| John J. McWilliams | Buffalo, N. Y. |
| Robert K. Root | " |
| William R. Huntley | " |
| Frank S. McGraw | " |
| H. H. Hewitt | " |
| Frederic Nicholls | Toronto, Ont. |
| De Lancy Rankine | Niagara Falls. |
| W. Seward Webb | New York, N. Y. |
| Charles R. Huntley | Buffalo, N. Y. |
| J. Wesley Allison | New York, N. Y. |
| Walter P. Cooke | Buffalo, N. Y. |

"Ninth. The post-office addresses of the subscribers, and a statement of the number of shares which each agrees to take in the corporation, are as follows:

| Names. | P. O. Addresses. | No. of Shares. |
|---|---|---|
| John J. McWilliams | Buffalo, N. Y. | 5 |
| Robert K. Root | " " | 5 |
| William R. Huntley | " " | 5 |
| Frank S. McGraw | " " | 5 |
| H. H. Hewitt | " " | 5 |
| Frederic Nicholls | Toronto, Ont. | 5 |
| De Lancy Rankine | Niagara Falls, N. Y. | 5 |
| W. Seward Webb | New York, N. Y. | 5 |
| Charles R. Huntley | Buffalo, N. Y. | 5 |
| J. Wesley Allison | New York, N. Y. | 5 |
| Walter P. Cooke | Buffalo, N. Y. | 5 |

"In witness whereof, we have made, signed, acknowledged, and filed this certificate in duplicate.

"Dated this 16th day of January, 1900."

All the incorporators and two other persons are named in the certificate as subscribers to the capital stock. The defendant is not named therein as a subscriber, and, so far as the evidence discloses, he took no part in the incorporation of the plaintiff, nor has he participated in any way in the affairs of the plaintiff since its organization. He has never demanded certificates of stock, nor has he ever been tendered any. On June 13, 1900, the board of directors of the plaintiff called for the payment of subscriptions, to be paid as follows: 25 per cent. at once; 25 per cent. in 30 days, and 50 per cent. in 60 days, from date. Notice of such call and for the payment of the first assessment was sent to and received by the defendant July 14th, for the payment of the second assessment July 26th, and for the final payment September 4th. The defendant did not comply with any of these demands, and he has paid nothing on his subscription. The plaintiff bases its right to recover solely upon the agreement hereinbefore set out, the subsequent incorporation of the plaintiff pursuant to such agreement, followed by the plaintiff's demand for payment of the subscription.

The distinction between an agreement to form a corporation and subscribe to its stock, and an agreement to subscribe for shares when

the corporation is organized, which excellent authority says is "unsound in principle, and disappears as mere dicta upon a thorough sifting of the cases" (Cook, Stock & Stockh. [3d Ed.] § 75, citing Prof. Collin), has been clearly adjudicated in this state in the recent case of Gazette Co. v. Taylor, 30 App. Div. 334, 51 N. Y. Supp. 969, and the agreement in the case at bar falls within the former class. Of such an agreement, Justice Hatch says in the Taylor Case (page 337, 30 App. Div., page 972, 51 N. Y. Supp.):

"This is absolute and unconditional. It does not contemplate further action upon the part of those signing, and must be regarded as final when, being unrevoked, it is acted upon by the corporation then in contemplation of formation."

The defendant was held liable in that case under the same statute, although the only evidence that the corporation had acted upon the agreement was (1) the incorporation of the company; (2) the naming of the defendant as a subscriber in the certificate; and (3) the tendering to him of the stock, and demanding payment of the subscription. The single essential feature which distinguishes the present case from the Taylor Case is the omission here to name the defendant as a subscriber in the certificate. Is such omission conclusive evidence of an election on the part of the corporation to reject the defendant as a subscriber, or is it simply a circumstance to be considered in connection with other evidence in determining whether his subscription was accepted? I take the latter view. Under the very first call for the payment of subscriptions, made 12 days after the organization, the plaintiff makes a demand upon the defendant for the payment of his subscription. Any inference of rejection based on the omission of his name from the certificate is overborne by this recognition of his subscription. If, as the Taylor Case holds, it is not necessary to the binding force of a preliminary subscription for the signer of the agreement to participate in the execution of the certificate, I can see no reason for holding that the insertion of his name therein as a subscriber is the only evidence of the acceptance by the corporation of his subscription. Were this an original question, I should be inclined to hold that only those are stockholders who subscribe the certificate, or who, after the organization, subscribe for stock on the books of the company. This would furnish a safe and simple rule, and, I think, was the mode of subscription contemplated by the statute under which this plaintiff was organized.

The former act for the incorporation of business corporations (Laws 1875, c. 611; 3 Rev. St. [8th Ed.] p. 1978) ordained the following method for organizing a corporation thereunder: The incorporators were required to sign a certificate, and file the same with the secretary of state. This certificate was not required to state the names of the subscribers or of the directors. The secretary of state thereupon issued to the incorporators a license empowering them, as commissioners, to open subscription books, and when one-half of the stock was subscribed a meeting of subscribers was called, and at such meeting by-laws were adopted and directors elected. The incorporators then filed with the secretary of state a copy of the proceedings at such meeting, a copy of the subscription list, a copy of the by-laws, and a

list of the directors elected, and thereupon the secretary issued a certificate that the corporation was fully organized. Thus the incorporators and the signers of the preliminary subscription constituted the shareholders at the time of the organization. The present statute (Laws 1890, c. 567) makes no provision for a preliminary subscription, and the corporation is fully organized when the certificate is duly filed and recorded, and the tax paid. General Corporation Law (Laws 1890, c. 563, § 5). Now the certificate is required to state (1) the number of directors; (2) the names of the directors for the first year; (3) the names of the subscribers; and (4) the amount of capital with which the corporation shall begin business. Sections 2, 3, Laws 1890, c. 567. Under the former statute the first three of these items were determined by the preliminary subscribers at the meeting held after the filing of the certificate. Under the ruling in the Taylor Case a signer of the subscription agreement may be entirely excluded by the incorporators from any voice in the selection of directors for the first year, and in the determination of the amount of capital with which the company shall begin business, and is completely bound by the action of the incorporators in these respects if they only name him as a subscriber in the certificate. Indeed, as but three incorporators are necessary under the act, it is possible for a minority of the preliminary subscribers to execute the certificate of incorporation, and bind the majority in the matters above mentioned, by a simple recognition of their subscription in the certificate. This alone would be sufficient warrant for holding that the only subscription before organization which the present statute contemplates is that made by the signing of the certificate of incorporation. The reasoning in the cases of Railroad Co. v. Tibbits, 18 Barb. 297, Railroad Co. v. Owen, 32 Barb. 616, and Plank Road Co. v. Griffin, 21 Barb. 454, seems to me to sustain this view, although the statute under consideration in each of these cases differed in some respects from that considered here. The case of Railroad Co. v. Gifford, 87 N. Y. 294, is not in conflict, because there the defendant had ratified his preliminary subscription by paying calls made thereon after the organization of the company, and thus the subscription could well be deemed to have been made at the time of such payment. It would not, however, be profitable to pursue the discussion further, inasmuch as I feel bound, under the Taylor Case, supra, to hold the defendant liable.

Other interesting questions are raised by the defendant, but none of them present any substantial objection to the plaintiff's claim.

Judgment is directed for the plaintiff, with costs.